CHARLES E. BOEHN V. THE STATE.

No. 10833. Delivered April 6, 1927.

Rehearing granted May 4, 1927.

**1.—Forgery—Evidence—Held Sufficient.**

Where, on a trial for forgery, the evidence disclosed that appellant presented a check to a bank purported to be signed by prosecuting witness, thereafter presented the same check at a store, and following this presentation the arrest of appellant resulted. The verdict of conviction was supported by this evidence.

**2.—Same—Evidence—Variance Between Allegation and Proof—Fatal.**

Where appellant was charged with forgery of a check for $29.00 drawn on the American National Bank of Beaumont, and the check introduced in evidence was drawn on the Texas National Bank of Beaumont, the variance between the allegation and proof is fatal, and the judgment is reversed and remanded.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction of forgery, penalty seven years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for forgery, punishment seven years in the penitentiary.

The record is before us without any bills of exception. We have carefully reviewed the testimony. Appellant had been working for the prosecuting witness whose name was forged to a check which, according to the testimony, was presented by appellant to the banker and by him refused payment, and later the check was presented by appellant at a store, and following this presentation the arrest of appellant resulted. We have no doubt of the sufficiency of the testimony to justify the jury in concluding that appellant was the party guilty of making the forged instrument.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — Appellant in his motion calls our attention to a fact that escaped our observation when we wrote originally in this case. The state introduced three witnesses and two checks. The indictment charged appellant with passing a forged check of the tenor following:

"No. 12138

THE AMERICAN NATIONAL BANK       88-27
Of Beaumont

Beaumont, Texas, 7-26    1926

Pay to Cash       or bearer                $29.00.

Twenty-nine      no/100                    Dollars

Counter Check                    11        W. A. GEORGE."

The witnesses introduced by the state refer to two checks but make no identification of them by such specific description as enables us to know which one of the checks introduced in evidence is the check spoken of by the witness at this, that or any other time. Neither of the checks introduced in evidence corresponds with the check described in the indictment. Both of the checks introduced in evidence appear to be drawn on the Texas National Bank of Beaumont. One of them appears to be numbered 12138, and to be for $29.00, as is the check set out in the indictment, but the check pleaded in the indictment was drawn on the American National Bank and the check introduced in evidence appears to have been drawn on the Texas National Bank. This is a fatal variance.

For the failure of the correspondence between the proof and the allegation, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*